Prob 12C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PETITION FOR WARRANT OR SUMMONS FOR
OFFENDER UNDER SUPERVISION

| | |
|---|---|
| **Offender Name:** | Eric Russell AVRIL |
| **Docket Number:** | 2:03CR00488-01 |
| **Offender Address:** | Rocklin, California |
| **Judicial Officer:** | Honorable William B. Shubb<br>United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 09/14/2001 (District of Colorado) |
| **Original Offense:** | 21 USC 841(a)(1), (b)(1)(C), and 846; 18 USC 2 - Conspiracy to Distribute and Possession With Intent to Distribute Methamphetamine (CLASS C FELONY) |
| **Original Sentence:** | 60 months custody Bureau of Prisons; 3 years Supervised Release; $100 special assessment |
| **Special Conditions:** | Participate in a program of testing and treatment for drug abuse as directed by the probation officer, until such time as released from the program by the probation officer; Abstain from the use of alcohol or other intoxicants during the course of treatment as directed by the probation officer. |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 10/04/2004 |
| **Assistant U.S. Attorney:** | To be assigned                **Telephone:** (916) 554-2700 |
| **Defense Attorney:** | Federal Defender                **Telephone:** (916) 498-5700<br>To be assigned |

**RE:   Eric Russell AVRIL**
       **Docket Number:  2:03CR00488-01**
       **PETITION FOR WARRANT OR SUMMONS**
       **FOR OFFENDER UNDER SUPERVISION**

**Other Court Action:**

**11/17/2003**:           Transfer of Jurisdiction from the District of Colorado (1082/1:99CR00061-04) to the Eastern District of California

**09/15/2004**:           Prob 12B - Petition to Modify Conditions of Supervision, adding special condition: Warrantless search; approved by the Court

**08/01/2005**:           Prob 12B - Petition to Modify Conditions of Supervision, adding special condition: As directed by the probation officer, participate in program of mental health treatment (inpatient or outpatient); approved by the Court

**RE:     Eric Russell AVRIL**
**Docket Number:  2:03CR00488-01**
**PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

---

## PETITIONING THE COURT

**( X )   OTHER:** The probation officer shall provide notice and direct releasee to personally appear before the Court on Wednesday, April 19, 2006, at 9 a.m., in the United States District Courthouse, 501 'I' Street, 14th Floor, Courtroom #5, Sacramento, California, at hearing on a petition to show cause why Supervised Release heretofore ordered should not be revoked.

The probation officer alleges the releasee has violated the following condition(s) of supervision:

**Charge Number**     **Nature of Violation**

**Charge 1:**     **FAILURE TO ABSTAIN FROM THE USE OF ALCOHOL DURING THE COURSE OF TREATMENT, AND AS DIRECTED BY THE PROBATION OFFICER**

On or about March 8 and 9, 2006, the releasee did possess and consume alcoholic beverages during the course of treatment (substance abuse and mental health), and did violate the probation officer's directive to totally abstain from the possession or use of alcohol, in violation of Special Condition Number 1 and Standard Condition Number 3.

**Justification:**  On March 11, 2006, Mr. Avril voluntarily reported to his substance abuse treatment counselor, Bill Yurong, that from the evening of March 8, 2006, through the morning of March 10, 2006, he went on a gambling binge at a local casino, consumed alcohol, and sustained substantial losses, which wiped out his savings.  He also reported, upon leaving the casino, he contemplated suicide by formulating a plan to jump from the Foresthill Bridge in Auburn, had set the plan in motion, but did not follow through.  He returned home on March 10, 2006, met with his stepfather, Raul Hasson, and scheduled an appointment to meet with Mr. Yurong.

**RE:     Eric Russell AVRIL**
        **Docket Number:  2:03CR00488-01**
        **PETITION FOR WARRANT OR SUMMONS**
        **FOR OFFENDER UNDER SUPERVISION**

On March 11, 2006, Mr. Yurong completed an evaluation and risk assessment of Mr. Avril, determining he was not suicidal at that time, and that he was not a risk to the community. Mr. Yurong referred the releasee to this officer, and contacted the releasee's psychiatrist. He was still concerned about Mr. Avril's well-being, and his rationalizations regarding alcohol abuse and gambling, both in terms of addictive behavior and non-compliance in disregard of consequence.

On March 12, 2006, the releasee contacted this officer, reported his activities and admitted his non-compliance.  He was unable to explain his decision-making process regarding his conduct, in lieu of available family, counseling and treatment options in the alternative.  He reaffirmed his historical resistance to authority and poor decision-making (exacerbated by substance abuse), subsequently leading to his feeling of a lack of self-worth and self-destructive tendencies.  This is the releasee's second instance of this nature in the last eight months - the last having occurred July 7, 2005, and involved his use of methamphetamine and alcohol, as reported to the Court.

A referral was made to Mr. Avril's psychiatrist, Glenn Hakanson, MD,  for a follow-up evaluation and risk assessment.  On March 13, 2006,  Dr. Hakanson completed an assessment of the releasee, reaffirming he was not suicidal at that time, nor a risk to the community.  However, in his evaluation, he determined that the mental health treatment regimen for Mr. Avril, through prescribed psychotrophic medication, was inadequate to deal with the releasee's previously diagnosed, recurring depression and episodic alcohol abuse tendencies.  He prescribed an additional anti-depressant and a preventative alcohol abuse medication, which Mr. Avril reports taking daily.  His adjustment will be closely monitored by Dr. Hakanson.

On the positive side, Mr. Avril has remained cooperative with this officer and has made timely and truthful disclosures of his conduct - good or bad.  He has maintained stable residence with his stepfather, Raul Hasson, but that relationship has been strained by the releasee's non-compliance.  He has maintained steady employment, most recently as an

**RE:   Eric Russell AVRIL
Docket Number:  2:03CR00488-01
PETITION FOR WARRANT OR SUMMONS
FOR OFFENDER UNDER SUPERVISION**

apprentice electrician, earning fair income with benefits, and long-term potential.  He is participating in a company-sponsored apprentice electrician training program that will prepare him for journeyman status.  He has no known contacts with law enforcement.  However, his current financial situation is tenuous as a result of his gambling losses.

Based on the foregoing, it is respectfully recommended that Mr. Avril be directed to personally appear before the Court to show cause why Supervised Release heretofore ordered should not be revoked, and the probation officer provide notice of hearing to the releasee and his counsel.

**Bail/Detention:**  It is respectfully recommended the releasee remain at liberty pending violation proceedings in this matter.  The releasee is not viewed as a danger to himself at this time, nor as an imminent danger to the community, or a flight risk.

**I declare under penalty of perjury that the foregoing is true and correct.**

**EXECUTED ON**:      March 20, 2006
                      Roseville, California
                      :thb/cd

                             Respectfully submitted,

                             /s/ Thomas H. Brown

                        **THOMAS H. BROWN
                        United States Probation Officer**
                        Telephone:  (916) 786-6147


**REVIEWED BY**:          /s/ Richard A. Ertola
                 **RICHARD A. ERTOLA
                 Supervising United States Probation Officer**

5

Rev.04/2005
PROB12C.PROB(NORTHERN).MRG

RE:     Eric Russell AVRIL
        Docket Number:  2:03CR00488-01
        **PETITION FOR WARRANT OR SUMMONS**
        **FOR OFFENDER UNDER SUPERVISION**

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

( x )   Other:   The probation officer shall provide notice and direct releasee to personally appear before the Court on Wednesday, April 19, 2006, at 9 a.m., in the United States District Courthouse, 501 'I' Street, 14th Floor, Courtroom #5, Sacramento, California, at hearing on a petition to show cause why Supervised Release heretofore ordered should not be revoked.


**Date:  March 20, 2006**

*[Signature]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE


cc:     United States Probation
        Assistant United States Attorney - to be assigned
        Federal Defender -  to be assigned

Attachment:  Presentence Report  (Sacramento only)

## STATEMENT OF EVIDENCE OF ALLEGED
## PROBATION VIOLATIONS

Honorable William B. Shubb
United States District Judge
Sacramento, California

                        RE:    Eric Russell AVRIL
                                Docket Number:   2:03CR00488-01

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named probationer is in violation of the conditions of supervision as stated on the attached Prob 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**    **FAILURE TO ABSTAIN FROM THE USE OF ALCOHOL DURING THE COURSE OF TREATMENT, AND AS DIRECTED BY THE PROBATION OFFICER**

    **A.**    **Evidence:**

        (1)    Acknowledgment of Conditions of Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order signed by Eric Avril on October 6, 2004.

    **B.**    **Witnesses:**

        (1)    The probation officer will testify that on October 6, 2004, and on several occasions thereafter, Mr. Avril was directed to abstain from the possession or use of alcohol.

Rev.04/2005
PROB12C.PROB(NORTHERN).MRG

**RE:   Eric Russell AVRIL**
　　　**Docket Number:  2:03CR00488-01**
　　　**STATEMENT OF EVIDENCE**

　　　　　　　　(2)　　The probation officer will testify that on March 12 and 13, 2006, Eric Russell Avril admitted possessing and consuming alcoholic beverages on or about March 8 and 9, 2006.

　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　/s/ Thomas H. Brown

　　　　　　　　**THOMAS H. BROWN**
　　　　　　　　**United States Probation Officer**


**DATED:**　　　March 20, 2006
　　　　　　　　Roseville, California
　　　　　　　　:thb/cd


**REVIEWED BY**:　　　　/s/ Richard A. Ertola
　　　　　　　　　　**RICHARD A. ERTOLA**
　　　　　　　　　　**Supervising United States Probation Officer**

## REVOCATION GUIDE - SUPERVISED RELEASE

**Offender Name:**  Eric Russell AVRIL  **Docket Number:**  2:03CR00488-01

**Date of original offense:**  01/1998 through 11/1998

**Original term of supervised release imposed:**  3 **years.**

**Highest grade of violation alleged:**           C

**Criminal History Category of offender:**        II

**Chapter 7 range of imprisonment:**  4 **to** 10 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**  (*choose one below*)

| | |
|---|---|
| ___ | **Class A felony - 5 years (or stat max of __ years if longer).** |
| ___ | **Class B felony - 3 years** |
| _X_ | **Class C and/or D felony - 2 years** |
| ___ | **Class E felony and misdemeanors:  1 year** |

**Violation requires mandatory revocation:  YES:** ___ **NO:** _X_ .

<u>**Original offense committed after 09/13/94**</u>**:**  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the term of imprisonment imposed upon revocation.

## **MANDATORY REVOCATION ISSUES**

<u>**Original offense committed after 09/13/94**</u>**:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

<u>**Positive/Failed Drug Tests after 11/02/2002**</u>**:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.

:thb/cd
(03/20/2006)