Prob 12C

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

**PETITION FOR WARRANT OR SUMMONS FOR
OFFENDER UNDER SUPERVISION**

| | |
|---|---|
| **Offender Name:** | Eric Russell AVRIL |
| **Docket Number:** | 2:03CR00488-01 |
| **Offender Address:** | Fair Oaks, California |
| **Judicial Officer:** | Honorable William B. Shubb<br>United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 09/14/2001 (District of Colorado) |
| **Original Offense:** | 21 USC 841(a)(1), (b)(1)(C), and 846; 18 USC 2 - Conspiracy to Distribute and Possession With Intent to Distribute Methamphetamine (CLASS C FELONY) |
| **Original Sentence:** | 60 months custody Bureau of Prisons; 3 years Supervised Release; $100 special assessment |
| **Special Conditions:** | Participate in a program of testing and treatment for drug abuse as directed by the probation officer, until such time as released from the program by the probation officer; Abstain from the use of alcohol or other intoxicants during the course of treatment as directed by the probation officer. |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 10/04/2004 |
| **Assistant U.S. Attorney:** | William Wong            **Telephone:** (916) 554-2700 |
| **Defense Attorney:** | Timothy Zindel          **Telephone:** (916) 498-5700<br>Assistant Federal Defender |

**RE:    Eric Russell AVRIL**
**      Docket Number:  2:03CR00488-01**
**      PETITION FOR WARRANT OR SUMMONS**
**      FOR OFFENDER UNDER SUPERVISION**

**Other Court Action:**

| | |
|---|---|
| **11/17/2003**: | Transfer of Jurisdiction from the District of Colorado (1:99CR00061-04) to the Eastern District of California |
| **09/15/2004**: | Prob 12B - Petition to Modify Conditions of Supervision, adding special condition: Warrantless search; approved by the Court |
| **08/01/2005**: | Prob 12B - Petition to Modify Conditions of Supervision, adding special condition: As directed by the probation officer, participate in program of mental health treatment (inpatient or outpatient); approved by the Court |
| **04/19/2006**: | Prob 12C - Petition for Warrant or Summons charging Supervised Release violation (Failure to Abstain from the Use of Alcohol During the Course of Treatment, and as Directed by the Probation Officer) taken under Judicial Notice and Court modifies by adding special conditions: Alcohol abstinence and not to frequent places where alcohol is the chief item of sale; Not participate in gambling or enter any establishment where gambling occurs; and Comply with the conditions of home detention for a period of 120 days as directed by the probation officer, with electronic monitoring and to pay costs, at discretion of the probation officer; Order signed by the Court April 25, 2006. |

**RE:    Eric Russell AVRIL**
**Docket Number:  2:03CR00488-01**
**PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

---

## PETITIONING THE COURT

**( X )    OTHER:** The probation officer shall provide notice and direct releasee to personally appear before the Court on Wednesday, October 4, 2006, at 9 a.m., in the United States District Courthouse, 501 'I' Street, 14th Floor, Courtroom #5, Sacramento, California, at hearing on a petition to show cause why Supervised Release heretofore ordered should not be revoked. Counsel for the releasee shall also be notified of said hearing. Counsel for the releasee shall also be notified of said hearing.

The probation officer alleges the releasee has violated the following condition(s) of supervision:

**Charge Number        Nature of Violation**

**Charge 1:            FAILURE TO COMPLY WITH HOME DETENTION CONDITIONS**

A)    From July 14, 2006, at 3:16 p.m., thru July 18, 2006, at 4:30 p.m., the releasee was absent without leave from his approved residence in Rocklin, California;

B)    On September 8, 2006, from 3:30 p.m., thru 6:20 p.m., the releasee was absent without leave from his approved residence in Fair Oaks, California;

C)    On September 11, 2006, from 2 p.m., thru 6:30 p.m., the releasee was absent without leave from his approved job site in the Sacramento area, and his approved residence in Fair Oaks, California,

in violation of the special condition to comply with the conditions of home detention, as directed by the probation officer.

**RE:   Eric Russell AVRIL**
      **Docket Number:  2:03CR00488-01**
      **PETITION FOR WARRANT OR SUMMONS**
      **FOR OFFENDER UNDER SUPERVISION**

**Charge 2:**            **FAILURE TO REPORT FOR DRUG ABUSE TREATMENT**

On September 8 and 11, 2006, the releasee failed to report for scheduled drug abuse treatment counseling appointments with William Yurong, MA, in Sacramento, California, in violation of Special Condition Number 1.

**Charge 3:**            **GAMBLING AND ENTERING A GAMBLING ESTABLISHMENT**

A)   From July 14 thru 17, 2006, the releasee did frequent and gamble at the Phoenix Casino, Citrus Heights, California;

B)   On September 11, 2006, the releasee did frequent and gamble at the Phoenix Casino, Citrus Heights, California,

in violation of the special condition to not participate in gambling activities or enter any gambling establishment.

**Charge 4:**            **FAILURE TO ABSTAIN FROM ALCOHOL CONSUMPTION**

From July 14 thru 16, 2006, the releasee did consume alcoholic beverages at the Phoenix Casino, Citrus Heights, California, in violation of the special condition to abstain from the use of alcoholic beverages.

**Justification:**   Mr. Avril was last before the Court on April 19, 2006, for hearing on his failure to follow the directions of the probation officer prohibiting alcohol use during treatment, and other related conduct.  The Court took Judicial Notice of his non-compliance and the violation petition was dismissed in favor of modifications:  a sanction of 120 days home detention, which could include electronic monitoring at his own expense, at the discretion of the probation officer; alcohol abstinence; and not to participate in gambling activities or enter gambling establishments.

**RE:    Eric Russell AVRIL
        Docket Number:  2:03CR00488-01
        <u>PETITION FOR WARRANT OR SUMMONS
        FOR OFFENDER UNDER SUPERVISION</u>**

Home detention commenced at his step-father's residence in Rocklin, California, on April 28, 2006, with electronic monitoring implemented on May 10, 2006. Mr. Avril reviewed the home detention performance contract with the probation officer and signed the document. His schedule was set for attending work, vocational classes, counseling sessions, and drug testing, with other verifiable appointments to be approved in advance by the probation officer, on a case-by-case basis. Mr. Avril agreed to a payment schedule for the electronic monitoring services.

Mr. Avril continued with substance abuse counseling and mental health treatment, including the use of prescribed psychotrophic medications to control bi-polar tendencies and depression, and to curb his alcohol use. He has not expressed any further suicidal ideation or displayed any suicidal tendencies. He has not used controlled substances, nor missed any scheduled testing. He reported attending Gamblers Anonymous meetings, but this now appears doubtful. He remains employed on a full-time basis as an apprentice electrician for Barnum & Cellilo, Inc., of Sacramento, and he attends vocational classes twice per week, as paid for by his employer. His supervisor speaks highly of the releasee, but the company is at the limit with his non-work-related conduct, which has had a negative impact on his reliability.

Mr. Avril willingly violated his home detention conditions twice, citing he cannot control his gambling urges, particularly once he starts. When he loses money, his intensity turns to desperation, then guilt and depression. During the incident in July, alcohol use over the three day event contributed to his demise. Mr. Avril says he lost about $1,300, his step-father removed him from his home, and took back the vehicle he was assisting Mr. Avril to buy for use for approved activities. Mr. Avril was truthful about his misconduct, and he agreed to comply with the immediate consequences, pending notice to the Court, which would be based upon his return to compliance.

At his counselor's recommendation and the directive of this officer, on July 18, 2006, Mr. Avril arranged residence at a transitional living house in Fair Oaks - Clean & Sober. His step-father loaned him enough money to pay his first month's rent, and he provided him with an old vehicle to use to attend work and counseling. He was removed from

**RE:   Eric Russell AVRIL**
**Docket Number:  2:03CR00488-01**
**PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

electronic monitoring and placed on home detention with a limited schedule - his 120 day term was started over and his counseling was intensified.

Mr. Avril appeared compliant until September 8, 2006, when he missed a scheduled counseling session at his residence, and lied to his counselor about his activities. He could not be reached by this officer, the counselor, or his step-father for the rest of that evening. He was contacted on the morning of September 9, 2006, and he lied about his whereabouts and post-work activities of the day prior. He later admitted he had met a woman and spent the afternoon with her. He denied alcohol or drug use. As to September 11, 2006, after leaving one job sight en-route to another, he admitted stopping off at the Phoenix Casino to do some gambling, and did not report for work for the rest of the day. He lost $380, was broke, and claims he went home in the early evening. He also missed a second counseling appointment set for that afternoon with Mr. Yurong. He told his employer that he never made it to work on the afternoon of September 11 or 12, 2006, falsely stating he had been arrested for Driving Under the Influence (DUI) and was in custody, rationalizing to himself that this was better than admitting he had been gambling. His employer initially decided, based upon the belief Mr. Avril was pending prosecution for DUI, to terminate him for cause because of his inability to drive for several months. In fact, he was not arrested for DUI. Once his employer learned the truth, he was willing to keep the releasee employed, but on a zero-tolerance basis, pending the decision of this Court.

Mr. Yurong feels he has done all the counseling work he can with Mr. Avril up to this point; he has terminated services, and feels consequences are in order. Mr. Avril's step-father has also reached another limit with Mr. Avril, and his support has been curtailed to a minimum.

The releasee remains on home detention, only leaving the Clean & Sober residence for work, class, and probation officer-approved activities. He checks in with the probation officer at least twice per day from a verifiable location, and is subject to random contacts at work. He reports to the probation office for substance abuse testing. It appears that alcohol or drug use was not part of the most recent incident, and all tests have been clean.

**RE:** **Eric Russell AVRIL**
**Docket Number:  2:03CR00488-01**
**PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

Mr. Avril is not viewed as a risk to the community.  However, he continues to participate in elective activities that ultimately cause harm to himself, negatively impact those closest to him,  and are in violation of his conditions of release.

**Bail/Detention:**  It is respectfully recommended the releasee remain at liberty pending violation proceedings in this matter.  The releasee is not viewed at this time as an imminent danger to the community, or a flight risk.

**I declare under penalty of perjury that the foregoing is true and correct.**

**EXECUTED ON**:     September 18, 2006
                     Roseville, California
                     thb:cd

                              Respectfully submitted,

                              /s/ Thomas H. Brown

                         **THOMAS H. BROWN**
                    **Senior United States Probation Officer**
                       Telephone:  (916) 786-6147


**REVIEWED BY**:            /s/ Richard A. Ertola
                     **RICHARD A. ERTOLA**
                     **Supervising United States Probation Officer**

**RE:     Eric Russell AVRIL**
**        Docket Number:  2:03CR00488-01**
**        PETITION FOR WARRANT OR SUMMONS**
**        FOR OFFENDER UNDER SUPERVISION**

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

( **x** )   Other:   The probation officer shall provide notice and direct releasee to personally appear before the Court on Wednesday, October 4, 2006, at 9 a.m., in the United States District Courthouse, 501 'I' Street, 14th Floor, Courtroom #5, Sacramento, California, at hearing on a petition to show cause why Supervised Release heretofore ordered should not be revoked.  Counsel for the releasee shall be noticed of said hearing.


Date:  September 20, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE


cc:     United States Probation
        William Wong, Assistant United States Attorney
        Timothy Zindel, Assistant Federal Defender

# STATEMENT OF EVIDENCE OF ALLEGED
# PROBATION VIOLATIONS

Honorable William B. Shubb
United States District Judge
Sacramento, California

                                      RE:    Eric Russell AVRIL
                                              Docket Number:   2:03CR00488-01

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named probationer is in violation of the conditions of supervision as stated on the attached Prob 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**    <u>**FAILURE TO COMPLY WITH HOME DETENTION CONDITIONS**</u>

    **A.**    **Evidence:**

        (1)    Securicor G4S Participant Daily Report for the period July 14, 2006, at 3:16 p.m., to termination of service on July 17, 2006, showing the releasee was absent without leave from his approved residence in Rocklin, California

    **B.**    **Witnesses:**

        (1)    Senior United States Probation Officer Thomas H. Brown will testify that from July 17 thru 18, 2006, at 4:30 p.m., the releasee was absent without leave from his approved residence in Rocklin, California, and that releasee admitted being AWOL.

**RE:   AVRIL, Eric Russell**
      **Docket Number:  2:03CR00488-01**
      <u>**STATEMENT OF EVIDENCE**</u>

(2) Senior United States Probation Officer Thomas H. Brown will testify that on September 8, 2006, from 3:30 p.m., thru 6:20 p.m., the releasee was absent without leave from his approved residence in Fair Oaks, California, and that releasee admitted being AWOL.

(3) Senior United States Probation Officer Thomas H. Brown will testify that on September 11, 2006, from 2 p.m., thru 6:30 p.m., the releasee was absent without leave from his approved job site in the Sacramento area, and his approved residence in Fair Oaks, California, and that releasee admitted being AWOL.

**Charge 2:   <u>FAILURE TO REPORT FOR DRUG ABUSE TREATMENT</u>**

   **A.   Evidence:**

   None.

   **B.   Witnesses:**

   (1) William Yurong, MA, will testify that on September 8 and 11, 2006, the releasee failed to report for scheduled drug abuse treatment counseling appointments in Sacramento, California.

   (2) Senior United States Probation Officer Thomas H. Brown will testify that the releasee admitted that on September 8 and 11, 2006, he failed to report for scheduled drug abuse treatment counseling appointments in Sacramento, California.

RE:   AVRIL, Eric Russell
      Docket Number:  2:03CR00488-01
      **STATEMENT OF EVIDENCE**

**Charge 3:     GAMBLING AND ENTERING A GAMBLING ESTABLISHMENT**

    **A.     Evidence:**

    None.

    **B.     Witnesses:**

    (1)   Senior United States Probation Officer Thomas H. Brown will testify that the releasee admitted that from July 14 thru 17, 2006, and on September 11, 2006, he did frequent and gamble at the Phoenix Casino, Citrus Heights, California.

**Charge 4:     FAILURE TO ABSTAIN FROM ALCOHOL CONSUMPTION**

    **A.     Evidence:**

    None.

    **B:     Witnesses:**

    (1)   Senior United States Probation Officer Thomas H. Brown will testify that the releasee admitted from July 14 thru 16, 2006, the he did consume alcoholic beverages at the Phoenix Casino, Citrus Heights, California.

Rev.04/2005
PROB12C.PROB(NORTHERN).MRG

**RE:   AVRIL, Eric Russell**
  **Docket Number:  2:03CR00488-01**
  **STATEMENT OF EVIDENCE**


Respectfully submitted,

/s/ Thomas H. Brown

**THOMAS H. BROWN**
**Senior United States Probation Officer**


**DATED:**   September 20, 2006
  Roseville, California
  thb:cd


**REVIEWED BY**:   /s/ Richard A. Ertola
  **RICHARD A. ERTOLA**
  **Supervising United States Probation Officer**

## REVOCATION GUIDE - SUPERVISED RELEASE

**Offender Name:**  Eric Russell AVRIL                    **Docket Number:**  2:03CR00488-01

**Date of original offense:**  01/1998 thru 11/1998

**Original term of supervised release imposed:**  3 **years.**

**Highest grade of violation alleged:**            C

**Criminal History Category of offender:**         II

**Chapter 7 range of imprisonment:**  4 **to** 10 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):**  (*choose one below*)

| | |
|---|---|
| __ | **Class A felony - 5 years (or stat max of __ years if longer).** |
| __ | **Class B felony - 3 years** |
| _X_ | **Class C and/or D felony - 2 years** |
| __ | **Class E felony and misdemeanors:  1 year** |

**Violation requires mandatory revocation:  YES:** __ **NO:**  _X_ .

**Original offense committed after 09/13/94:**  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the term of imprisonment imposed upon revocation.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.

thb:cd
(09/18/2006)